IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3091-F

| | |
|---|---|
| CHRISTOPHER MANLEY THOMPSON-BURKE, ) ) ) Plaintiff, ) ) v. ) ) DONNIE HARRISON, ) ) Defendant. ) | ORDER |

This matter is before the court upon: 1) Defendant's motion to dismiss [DE-17]; Defendant's motion to amend the motion to dismiss [DE-20]; and 3) Plaintiff's motion for default judgment [DE-23]. For the following reasons: 1) Defendant's motion to amend [DE-20] is ALLOWED; 2) Defendant's motion to dismiss [DE-17] is DENIED WITHOUT PREJUDICE; and 3) Plaintiff's motion for default judgment [DE-23] is DENIED.

On April 23, 2013, Plaintiff, a pretrial detainee, filed this action pursuant to 42 U.S.C. § 1983 [DE-1]. In his complaint, Plaintiff contends that Defendant violated his rights under the First Amendment of the United States Constitution, and the Religious Land Use and Institutional Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc *et seq.* Specifically, he alleges that he is Jewish and has been denied a kosher diet. Compl. [DE-1], p. 3. The court conducted a frivolity review on October 27, 2014 [DE-10] and directed the Clerk of Court to continue management of Plaintiff's First Amendment and RLUIPA claims.[1]

---

[1] Several other causes of action alleged by Plaintiff were dismissed as frivolous. Only his
(continued...)

Defendant filed the instant motion to dismiss on January 28, 2015, in which he alleges that Plaintiff has failed to exhaust his administrative remedies [DE-17]. On January 29, 2015, Defendant moved to amend his motion to dismiss. In his proposed amendment, Defendant seeks to supplement his motion to dismiss with an affidavit prepared by Heidi Steinbeck [DE-21-1]. Plaintiff filed the instant motion for default judgment on March 6, 2015 [DE-23], and responded to Defendants' motion on April 9, 2015 [DE-27]. Accordingly, these matters are ripe for adjudication.

## Motion for entry of default

Plaintiff asserts that he is entitled to default judgment because Defendant did not answer or otherwise respond to the complaint within the appropriate time frame [DE-23]. Defendant was served on October 30, 2014, and an entry was made on the court's docket [DE-13] indicating that his answer was due on December 29, 2014. The court, on December 23, 2014 [DE-15], extended Defendant's time to answer until January 28, 2015. Defendant filed the instant motion to dismiss [DE-17] on January 28, 2015. Because Defendant has timely responded to Plaintiff's complaint, Plaintiff's motion for default judgment [DE-23] is DENIED.

## Motion to dismiss

As an initial matter, Defendant's request to amend his motion to dismiss by supplementing it with an affidavit [DE-20] is ALLOWED.[2] A motion to dismiss under Rule 12(b)(6) for "failure

---

[1](...continued)
First Amendment and RLUIPA claims survived frivolity review, and Defendant Harrison is the sole remaining defendant. October 27, 2014 Order [DE-10].

[2] However, Rule 12(d) of the Federal Rules of Civil Procedure states that "[i]f, on a motion under 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment." Fed. R. Civ. P. 12(d). When a motion to dismiss is treated as such, "[a]ll parties must be given a reasonable opportunity to present all the
(continued...)

2

to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, the court accepts the complaint's factual allegations as true, but need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. A court also "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79.

Here, Defendant contends that Plaintiff has failed to exhaust his administrative remedies. The Prison Litigation Reform Act of 1995 ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §] 1983 . . . , or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 83–85 (2006); Porter v. Nussle, 534 U.S. 516, 524 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532; see Jones v. Bock, 549 U.S. 199, 211 (2007). A prisoner must exhaust administrative remedy procedures regardless of the types of relief such procedures offer. See Booth v. Churner, 532 U.S. 731, 740–41 (2001). "[E]xhaustion is mandatory under the PLRA and . . .

---

²(...continued)
material that is pertinent to the motion." Id. Defendants have not captioned their motion as one seeking summary judgment in the alternative, and the undersigned declines to *sua sponte* convert the motion in this posture. Nonetheless, Defendant may renew his arguments in a properly filed motion for summary judgment.

3

unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

However, "the PLRA does not require a prisoner to allege that he has exhausted his administrative remedies . . . ." Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 675 (4th Cir. 2005). "Instead, an inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant." Id. at 683. Nonetheless, the court may "dismiss[] a complaint where the failure to exhaust is apparent from the face of the complaint," and may "inquir[e] on its own motion into whether the inmate exhausted all administrative remedies." Id.; see Green v. Rubenstein, 644 F. Supp. 2d 723, 741–42 (S.D. W. Va. 2009).

In his response, Plaintiff contends that "he [unsuccessfully] attempted to utilize the grievance process several times." Pl. Resp. [DE-27], p. 1. He further asserts that his attempts were unsuccessful because "administrators have adopted a practice that selectively ignores grievance filings." Id. Accepting these factual allegations as true, as the court must at this stage, it is not apparent that Plaintiff has failed to exhaust his administrative remedies. Moreover, the Fourth Circuit recently held that a failure to exhaust could be excused if "the prisoner was justified in believing that his complaints in the disciplinary appeal procedurally exhausted his administrative remedies because the prison's remedial system was confusing, and . . . [if] the prisoner's submissions in the disciplinary appeals process exhausted his remedies in a substantive sense by affording corrections officials time and opportunity to address complaints internally." Blake v. Ross, No. 13-7279, 2015 WL 2405241, at *4 (4th Cir. May 21, 2015). Defendant's motion to dismiss fails to address Blake. For these reasons, Defendant's motion to dismiss is DENIED WITHOUT PREJUDICE. As previously noted, Defendant may reassert this, or any other, defense in a properly filed motion for summary judgment.

4

## Conclusion

For the aforementioned reasons: 1) Defendant's motion to amend [DE-20] is ALLOWED; 2) Defendant's motion to dismiss [DE-17] is DENIED WITHOUT PREJUDICE; and 3) Plaintiff's motion for default judgment [DE-23] is DENIED.

SO ORDERED. This the 24th day of June, 2015.

JAMES C. FOX
Senior United States District Judge

5

Case 5:13-ct-03091-F   Document 28   Filed 06/24/15   Page 5 of 5